IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLUMECOCOMO APPAREL, INC., | ) Case No. 11-4201-SC |
| Plaintiff, | ) ORDER FOR SUPPLEMENTAL |
| v. | ) BRIEFING AND ORDER ) VACATING JUNE 8, 2012 |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; EXPEDITORS INTERNATIONAL OCEAN, | ) <u>HEARING</u> ) ) ) |
| Defendants. | ) |
| HANJIN SHIPPING CO., LTD., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| GEMADEPT CORP., | ) |
| Third-Party Defendant. | ) |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| GEMADEPT CORP., | ) |
| Third-Party Defendant. | ) |

Now before the Court are two motions for reconsideration and two motions to dismiss, all set for hearing on June 8, 2012. ECF Nos. 42, 47, 49, 51. The Court seeks supplemental briefing on two issues related to whether it may properly exercise personal jurisdiction over third-party defendant Gemadept.

The first issue was raised for the first time in Gemadept's response to the motions for reconsideration and, thus, has not yet been addressed by either Expeditors or Hanjin. Specifically, Gemadept argues that the Agreement of Carriage, the contract on which Expeditors and Hanjin's jurisdictional arguments are based, only covers the transportation of cargo between "Singapore, Port Klang, Kaohsiung, Hong Kong and all major Vietnam ports," and does not cover any ports in Cambodia. ECF No. 50 at 2, n.1 (citing Agreement of Carriage § 1.01). Gemadept reasons that the Agreement of Carriage does not apply to this dispute because the cargo at issue was shipped from Cambodia to Vietnam.

The second issue relates to Hanjin and Expeditors' argument that section 3(a) of the Hanjin Bill of Lading justifies the exercise of personal jurisdiction since it provides for the resolution of disputes at "the place of receipt of the Goods by the Carrier, or the port of discharge," i.e., Long Beach, California. As Long Beach does not lie within the jurisdictional boundaries of the Northern District of California, it is unclear why section 3(a) would support the exercise of jurisdiction here.

Within seven (7) days of this Order, Hanjin, Gemadept, and Expeditors shall each file one brief with the Court addressing the two issues described above. Each brief shall not exceed eight (8) pages in length. No response briefs are required or permitted.

2

The hearing on the motions to dismiss and the motions to reconsider, set for June 8, 2012, is hereby VACATED.

IT IS SO ORDERED.

Dated: June 7, 2012



UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California