**United States District Court**
Northern District of California

1

2

3

4               IN THE UNITED STATES DISTRICT COURT

5                 NORTHERN DISTRICT OF CALIFORNIA

6

7   VOLUMECOCOMO APPAREL, INC.,          )  Case No. 11-4201-SC
                                         )
8              Plaintiff,                )  ORDER TRANSFERRING CASE TO
                                         )  THE CENTRAL DISTRICT OF
9         v.                             )  <u>CALIFORNIA</u>
                                         )
10  EXPEDITORS INTERNATIONAL OF          )
11  WASHINGTON, INC.; EXPEDITORS         )
    INTERNATIONAL OCEAN,                 )
12                                       )
13             Defendants.               )
    _____)
14                                       )
    HANJIN SHIPPING CO., LTD,            )
15                                       )
               Third-Party Plaintiff,   )
16                                       )
17        v.                             )
                                         )
18  GEMADEPT CORP.,                      )
19                                       )
                Third-Party Defendant.   )
20  _____)
                                         )
21  EXPEDITORS INTERNATIONAL OF          )
22  WASHINGTON, INC.,                    )
                                         )
23             Third-Party Plaintiff,    )
                                         )
24        v.                             )
                                         )
25  GEMADEPT CORP.,                      )
26                                       )
                Third-Party Defendant.   )
27  _____)

28

United States District Court
For the Northern District of California

1  I.    **INTRODUCTION**

2        Volumecocomo Apparel, Inc. ("VC") brings this action against

3  Expeditors International of Washington, Inc. and Expeditors

4  International Ocean (collectively, "Expeditors") for loss of and

5  damage to ocean cargo.  ECF No. 1 ("VC Compl.").  VC's action has

6  triggered a number of third-party actions for indemnity and

7  contribution: (1) Expeditors filed a third-party complaint against

8  Hanjin Shipping Co., Ltd. ("Hanjin"); (2) Hanjin filed a third-

9  party complaint against Gemadept Corporation ("Gemadept"); and (3)

10 Expeditors filed a cross-claim against Gemadept.  ECF Nos. 8 ("Exp.

11 Compl."); 21 ("Hanjin Compl."); 26 ("Exp. Crosscl.").

12       Now before the Court are a number of motions to dismiss filed

13 by the defendants and third-party defendants in this action.

14 Gemadept has moved to dismiss Hanjin's third-party complaint and

15 Expeditors' cross-claim for lack of personal jurisdiction.  ECF No.

16 30 ("Gemadept MTD").  On April 9, 2012, the Court granted

17 Gemadept's motion, but subsequently granted Expeditors and Hanjin's

18 motions for leave to file motions for reconsideration.  ECF Nos. 41

19 ("Apr. 9 Order"), 44.  The motions to reconsider the April 9 Order

20 are fully briefed.  ECF Nos. 42, ("Hanjin MFR"), 48 ("Exp. MFR"),

21 50 ("Gemadept MFR Opp'n").[1]

22       Additionally, Hanjin has moved to dismiss Expeditors' third-

23 party Complaint and VC's Complaint pursuant to a contractual forum-

24 selection clause or, alternatively, based on forum non conveniens.

25 ECF No. 49 ("Hanjin MTD").  Expeditors has moved to dismiss VC's

26 _____

27 [1] The Court requested supplemental briefing on the motion for
   reconsideration, which the parties provided.  ECF Nos. 71, 73
   ("Hanjin MFR Supp. Br."), 75 ("Exp. MFR Supp. Br."), 76 ("Gemadept
28 MFR Supp. Br.").

complaint, also on the grounds of forum non conveniens.   ECF No. 51

("Exp. MTD").   These motions are also fully briefed.   ECF Nos. 55

("Exp. MTD Response") 56 ("VC MTD Opp'n"), 59 ("Hanjin MTD Reply"),

66 ("Exp. MTD Reply").

Because the instant motions involve the same parties and the

same facts, the Court addresses them jointly in this Order.

Pursuant to Civil Local Rule 7-1(b), the Court finds the matters

appropriate for determination without oral argument.   As detailed

herein, the Court finds that the Northern District of California is

the not the proper venue for this case and transfers the matter to

the Central District of California.   Accordingly, the current

motions pending before the Court are DENIED as moot.


**II.   BACKGROUND**

The facts giving rise to this action are relatively

straightforward: VC's shipment of women's apparel was allegedly

washed overboard while it was en route from Cambodia to Vietnam.

VC brought this action to recover for its alleged loss.   The case

is complicated by the number of parties involved with the shipment

and their interlocking contractual relationships.   The Court

reviews these relationships below.

VC is a California corporation with its principal place of

business in California.   ECF No. 57 ("Anh Decl.") ¶ 2.   VC

contracted with Expeditors, a "non-vessel owning common carrier"

("NVOCC") headquartered in Washington with offices in Los Angeles,

California, to transport VC's goods from Cambodia (where they were

manufactured) to Long Beach, California.   ECF No. 58 ("Ronneberg

Decl.") Exs. A ("Exp. B/L"), B.   Expeditors issued a bill of lading

1   acknowledging receipt of the cargo in good order and condition and
2   the duty to transport it to Long Beach.  Exp. B/L.

3       Expeditors then entered into another maritime contract with
4   Hanjin, a Korean company, under which Hanjin would actually carry
5   the cargo from Cambodia to Long Beach.  ECF No. 49-2 ("Shin Decl.")
6   Ex. A. ("Hanjin B/L").  The Hanjin Bill of Lading includes a
7   mandatory forum-selection clause which requires that disputes
8   brought under the contract be brought in either Seoul, Korea; New
9   York, New York; Phnom Penh, Cambodia; or Long Beach, California.
10  Id. § 3.

11      Hanjin, in turn, contracted with Gemadept, a Vietnamese
12  company, to carry VC's goods on the first leg of the journey from
13  Cambodia to Vietnam.  Ronneberg Decl. Ex. G ("Gemadept B/L").
14  Before the events giving rise to this action, Hanjin and Gemadept
15  executed an Agreement of Carriage covering sea carriage by Gemadept
16  on Hanjin's behalf between certain Asian ports.  ECF No. 33 ("Swain
17  Decl.") Ex. A ("Agr. of Carriage").  Under the Agreement of
18  Carriage, Gemadept agreed to be bound by Hanjin's bills of lading,
19  "except as otherwise in conflict with the provisions of this
20  Agreement."  Id. § 6.03.  The Agreement of Carriage also included a
21  forum-selection clause which provides: "The courts of Singapore
22  shall have jurisdiction to settle any dispute which may arise
23  between the parties in respect of the construction[,] validity[,]
24  or performance of this Agreement."  Id. § 10.02

25      In Cambodia, VC's shipment was loaded onto the barge Gemadept
26  18.  Ronneberg Decl. Exs. C, D. E.  The containers were stowed and
27  allegedly lashed by either the barge's crew or Cambodian
28  stevedores.  Id.  While sailing from Cambodia, the barge

4

**United States District Court**
For the Northern District of California

1   encountered strong winds and high waves and VC's cargo was lost

2   overboard.  <u>Id.</u> Ex. I.  The damaged cargo eventually floated to a

3   local island where it was retrieved by surveyors from Hanjin and

4   Gemadept.  Ronneberg Decl. C, D, E.

5       In August 2011, VC brought the instant action against

6   Expeditors for $351,560.02.  VC Compl.  The action was brought

7   under Federal Rule of Civil Procedure 9(h), which governs admiralty

8   and maritime claims.  <u>Id.</u> ¶ 1.  In September 2011, Expeditors filed

9   a third-party complaint for indemnity against Hanjin.  Expeditors

10  Compl.  Pursuant to Rule 14(c), Expeditors demanded relief for

11  itself, as well as judgment against Hanjin and in favor of VC.[2]

12  <u>Id.</u> ¶ 5.  Subsequently, both Expeditors and Hanjin filed claims for

13  indemnity against Gemadept.  Hanjin Compl.; Exp. Crosscl.

14      On March 1, 2012, Gemadept filed a motion to dismiss Hanjin

15  and Expeditors' claims for lack of personal jurisdiction.  ECF No.

16  27.  The Court granted the motion, finding that Gemadept had no

17  contacts with the forum and had not consented to jurisdiction here.

18  Apr. 9 Order at 8-9.  Expeditors and Hanjin subsequently moved for

19  leave to file motions to reconsider, raising a new argument

20  concerning the forum-selection clauses in the Hanjin Bill of Lading

21  and the Agreement of Carriage.  ECF Nos. 42, 43.  The Court granted

22  the parties' motions for leave to file.  ECF No. 44.

23      Expeditors and Hanjin also filed motions to dismiss.

24  Expeditors moved to dismiss VC's complaint on the grounds of forum

---

25  [2] Under Rule 14(c), a Rule 9(h) defendant, such as Expeditors, may

26  implead a third-party defendant, such as Hanjin, and demand
    judgment in the plaintiff's favor against that third-party

27  defendant.  In that case "the action proceeds as if the plaintiff
    had sued both the third-party defendant and the third-party

28  plaintiff."  Fed. R. Civ. P. 14(c)(2).

**United States District Court**
For the Northern District of California

1  non conveniens.  Hanjin moved to dismiss both Expeditors' third-

2  party Complaint and VC's Complaint pursuant to the forum-selection

3  clause in the Hanjin Bill of Lading, or, alternatively based on

4  forum non conveniens.[3]  Expeditors and Hanjin argue that Vietnam or

5  Cambodia would be adequate alternative fora.  Exp. MTD at 2; Hanjin

6  MTD at 2.

7

8  **III.  <u>DISCUSSION</u>**

9        Having reviewed the parties' arguments, the Court is persuaded

10 that retaining venue in the Northern District of California (the

11 "Northern District") would not serve the interests of justice.  As

12 explained below, Expeditors, Hanjin, and Gemadept may not bring

13 suit against each other in the Northern District in connection with

14 the events giving rise to this case.  VC's litigation options are

15 not so limited.  This leaves Expeditors, Hanjin, and Gemadept in a

16 precarious position.  They can be sued by VC in the Northern

17 District, but they cannot bring counter- or cross-claims for

18 indemnity here.  The Central District of California (the "Central

19 District") presents no such restrictions.  Accordingly, the Court

20 transfers this case there.

21       The limited litigation options of Expeditors, Hanjin, and

22 Gemadept stem from the Hanjin Bill of Lading.  The Hanjin Bill of

23 Lading clearly binds Expeditors and Hanjin, the parties to the

24 agreement.  It may also constrain Gemadept, who agreed to be bound

25 by Hanjin bills of lading moving under the Agreement of Carriage,

26 to the extent that those bills are not inconsistent with the

27

28 [3] In maritime cases such as this, "the third-party defendant must
defend under Rule 12 against the plaintiff's claim as well as the
third-party plaintiff's claim."  Fed. R. Civ. P. 14(c)(2).

**United States District Court**
For the Northern District of California

1    Agreement of Carriage.[4]  The forum-selection clause of the Hanjin

2    Bill of Lading requires that all disputes arising under the

3    agreement be litigated in the courts of Phnom Penh, Cambodia;

4    Seoul, Korea; New York, New York; or Long Beach, California.  None

5    of these fall within the jurisdictional boundaries of the Northern

6    District.  Thus, the Northern District is an improper venue for

7    Expeditors, Hanjin, and Gemadept to bring claims against each other

8    for claims arising from VC's lost cargo, which was being

9    transported under the Hanjin Bill of Lading.

10        VC is not so bound.  Under the Supreme Court's decision in

11   Norfolk Southern Railway Co. v. Kirby, "intermediaries, entrusted

12   with goods, are 'agents' only in their ability to contract for

13   liability limitations with carriers downstream."  543 U.S. 14, 34

14   (2004) (emphasis added).  Following Kirby, a number of courts have

15   held that shippers and consignees, such as VC, are not bound by

16   forum-selection clauses in down-stream bills of lading to which

17   they have not consented.  See, e.g., Fed. Ins. Co. v. M/V CMA CGM

18   MARLIN, 09 CIV. 1409 (GBD), 2010 WL 727217 (S.D.N.Y. Feb. 23,

19   2010).  This authority is persuasive and the Court would be

20   inclined to follow it.

21        Thus, if the case were to remain in the Northern District, VC

22   could sue Hanjin, Expeditors, and (potentially) Gemadept for the

23   loss of its cargo, but these defendants could not sue each other

24   _____

     [4] In its April 9 Order, the Court held that the forum-selection
25   clause in the Hanjin Bill of Lading was inconsistent with the
     Agreement of Carriage.  The Court therefore declined to exercise
26   personal jurisdiction over Gemadept.  The Court subsequently
     granted Expeditors and Hanjin's motions for leave to file motions
27   for reconsideration.  As the Court has decided to transfer this
     case, it declines to rule on the motions for reconsideration and
28   does not reach the issue of whether it may exercise personal
     jurisdiction over Gemadept.

United States District Court
For the Northern District of California

1    for indemnity.  This could lead to inequitable results.  For

2    example, VC could choose to press its case against only Expeditors,

3    and Expeditors would be unable to seek indemnity from Hanjin or

4    Gemadept in this venue.

5         A better option would be to transfer the case to the Central

6    District.[5]  Long Beach, one of the jurisdictions enumerated in the

7    Hanjin Bill of Lading's mandatory forum-selection clause, falls

8    within the jurisdictional boundaries of the Central District.

9    Thus, all parties would be on equal footing there.  Further,

10   Expeditors has already consented to jurisdiction in the Central

11   District.  See Exp. MTD Response at 2.

12        Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties

13   and witnesses, in the interest of justice, a district court may

14   transfer any civil action to any other district or division where

15   it might have been brought."  Section 1404(a) provides district

16   courts with the authority to transfer cases sua sponte.  See

17   Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir.

18   1993).

19        As detailed above, transferring this case to the Central

20   District would be in the interest of justice.  Further, because

21   Expeditors does business in the Central District, this case might

22   have been brought there in the first instance.  Venue is proper in

23   "a judicial district in which any defendant resides" or "a judicial

24   district in which a substantial part of the events or omissions

25   _____

26   [5] Expeditors and Hanjin have moved to dismiss on the ground of
     forum non conveniens, arguing that venue in the United States is
27   improper and that Vietnam or Cambodia would be adequate alternative
     fora.  The Court does not find Expeditors and Hanjin's forum non
28   conveniens arguments altogether convincing but leaves the matter
     for the Central District to decide.

1  giving rise to the claim occurred."  28 U.S.C. §§ 1391(b)(1)-(2).

2  With respect to determining the residence of a corporation such as

3  Expeditors:

4      For purposes of venue . . ., in a State which has more
       than one judicial district and in which a defendant that
5      is a corporation is subject to personal jurisdiction at
       the time an action is commenced, such corporation shall
6      be deemed to reside in any district in that State within
       which its contacts would be sufficient to subject it to
7      personal jurisdiction if that district were a separate
       State, and, if there is no such district, the corporation
8      shall be deemed to reside in the district within which it
       has the most significant contacts.
9

10  Id. § 1391(d).  In this case, Expeditors may be considered a

11  resident of the Central District since it has offices in Los

12  Angeles and, thus, has the requisite minimum contacts with the

13  area.[6]  See Ronneberg Decl. Ex. B.

14

15  **IV.   CONCLUSION**

16      For the reasons set forth herein, the Court TRANSFERS this

17  matter to the United States District Court for the Central District

18  of California.  Expeditors and Hanjins' motions to dismiss and

19  motions to reconsider are DENIED as moot.

20

21      IT IS SO ORDERED.

22

23      Dated: June 21, 2012

                                    _____
24                                  UNITED STATES DISTRICT JUDGE

25  _____
    [6] The Court notes that the parties remaining in the case have had
26  an opportunity to express their views on this issue.  Hanjin has
    moved to dismiss pursuant to the forum-selection clause calling for
27  jurisdiction in Long Beach.  VC has opposed the motion and
    Expeditors has indicated that it would consent to transfer to the
28  Central District.  Gemadept has yet to express its views on the
    issue, but, at present, it is not a party to the case.

9