**United States District Court**
Northern District of California

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLUMECOCOMO APPAREL, INC., | ) Case No. 11-4201-SC |
| Plaintiff, | ) ORDER TRANSFERRING CASE TO |
| v. | ) THE CENTRAL DISTRICT OF |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; EXPEDITORS INTERNATIONAL OCEAN, | ) CALIFORNIA |
| Defendants. | ) |
| HANJIN SHIPPING CO., LTD, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| GEMADEPT CORP., | ) |
| Third-Party Defendant. | ) |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| GEMADEPT CORP., | ) |
| Third-Party Defendant. | ) |

## I. INTRODUCTION

Volumecocomo Apparel, Inc. ("VC") brings this action against Expeditors International of Washington, Inc. and Expeditors International Ocean (collectively, "Expeditors") for loss of and damage to ocean cargo. ECF No. 1 ("VC Compl."). VC's action has triggered a number of third-party actions for indemnity and contribution: (1) Expeditors filed a third-party complaint against Hanjin Shipping Co., Ltd. ("Hanjin"); (2) Hanjin filed a third-party complaint against Gemadept Corporation ("Gemadept"); and (3) Expeditors filed a cross-claim against Gemadept. ECF Nos. 8 ("Exp. Compl."); 21 ("Hanjin Compl."); 26 ("Exp. Crosscl.").

Now before the Court are a number of motions to dismiss filed by the defendants and third-party defendants in this action. Gemadept has moved to dismiss Hanjin's third-party complaint and Expeditors' cross-claim for lack of personal jurisdiction. ECF No. 30 ("Gemadept MTD"). On April 9, 2012, the Court granted Gemadept's motion, but subsequently granted Expeditors and Hanjin's motions for leave to file motions for reconsideration. ECF Nos. 41 ("Apr. 9 Order"), 44. The motions to reconsider the April 9 Order are fully briefed. ECF Nos. 42, ("Hanjin MFR"), 48 ("Exp. MFR"), 50 ("Gemadept MFR Opp'n").[1]

Additionally, Hanjin has moved to dismiss Expeditors' third-party Complaint and VC's Complaint pursuant to a contractual forum-selection clause or, alternatively, based on forum non conveniens. ECF No. 49 ("Hanjin MTD"). Expeditors has moved to dismiss VC's

---

[1] The Court requested supplemental briefing on the motion for reconsideration, which the parties provided. ECF Nos. 71, 73 ("Hanjin MFR Supp. Br."), 75 ("Exp. MFR Supp. Br."), 76 ("Gemadept MFR Supp. Br.").

2

complaint, also on the grounds of forum non conveniens. ECF No. 51 ("Exp. MTD"). These motions are also fully briefed. ECF Nos. 55 ("Exp. MTD Response") 56 ("VC MTD Opp'n"), 59 ("Hanjin MTD Reply"), 66 ("Exp. MTD Reply").

Because the instant motions involve the same parties and the same facts, the Court addresses them jointly in this Order. Pursuant to Civil Local Rule 7-1(b), the Court finds the matters appropriate for determination without oral argument. As detailed herein, the Court finds that the Northern District of California is the not the proper venue for this case and transfers the matter to the Central District of California. Accordingly, the current motions pending before the Court are DENIED as moot.

## II. BACKGROUND

The facts giving rise to this action are relatively straightforward: VC's shipment of women's apparel was allegedly washed overboard while it was en route from Cambodia to Vietnam. VC brought this action to recover for its alleged loss. The case is complicated by the number of parties involved with the shipment and their interlocking contractual relationships. The Court reviews these relationships below.

VC is a California corporation with its principal place of business in California. ECF No. 57 ("Anh Decl.") ¶ 2. VC contracted with Expeditors, a "non-vessel owning common carrier" ("NVOCC") headquartered in Washington with offices in Los Angeles, California, to transport VC's goods from Cambodia (where they were manufactured) to Long Beach, California. ECF No. 58 ("Ronneberg Decl.") Exs. A ("Exp. B/L"), B. Expeditors issued a bill of lading

acknowledging receipt of the cargo in good order and condition and the duty to transport it to Long Beach. Exp. B/L.

Expeditors then entered into another maritime contract with Hanjin, a Korean company, under which Hanjin would actually carry the cargo from Cambodia to Long Beach. ECF No. 49-2 ("Shin Decl.") Ex. A. ("Hanjin B/L"). The Hanjin Bill of Lading includes a mandatory forum-selection clause which requires that disputes brought under the contract be brought in either Seoul, Korea; New York, New York; Phnom Penh, Cambodia; or Long Beach, California. Id. § 3.

Hanjin, in turn, contracted with Gemadept, a Vietnamese company, to carry VC's goods on the first leg of the journey from Cambodia to Vietnam. Ronneberg Decl. Ex. G ("Gemadept B/L"). Before the events giving rise to this action, Hanjin and Gemadept executed an Agreement of Carriage covering sea carriage by Gemadept on Hanjin's behalf between certain Asian ports. ECF No. 33 ("Swain Decl.") Ex. A ("Agr. of Carriage"). Under the Agreement of Carriage, Gemadept agreed to be bound by Hanjin's bills of lading, "except as otherwise in conflict with the provisions of this Agreement." Id. § 6.03. The Agreement of Carriage also included a forum-selection clause which provides: "The courts of Singapore shall have jurisdiction to settle any dispute which may arise between the parties in respect of the construction[,] validity[,] or performance of this Agreement." Id. § 10.02

In Cambodia, VC's shipment was loaded onto the barge Gemadept 18. Ronneberg Decl. Exs. C, D. E. The containers were stowed and allegedly lashed by either the barge's crew or Cambodian stevedores. Id. While sailing from Cambodia, the barge

4

encountered strong winds and high waves and VC's cargo was lost overboard. Id. Ex. I. The damaged cargo eventually floated to a local island where it was retrieved by surveyors from Hanjin and Gemadept. Ronneberg Decl. C, D, E.

In August 2011, VC brought the instant action against Expeditors for $351,560.02. VC Compl. The action was brought under Federal Rule of Civil Procedure 9(h), which governs admiralty and maritime claims. Id. ¶ 1. In September 2011, Expeditors filed a third-party complaint for indemnity against Hanjin. Expeditors Compl. Pursuant to Rule 14(c), Expeditors demanded relief for itself, as well as judgment against Hanjin and in favor of VC.[2] Id. ¶ 5. Subsequently, both Expeditors and Hanjin filed claims for indemnity against Gemadept. Hanjin Compl.; Exp. Crosscl.

On March 1, 2012, Gemadept filed a motion to dismiss Hanjin and Expeditors' claims for lack of personal jurisdiction. ECF No. 27. The Court granted the motion, finding that Gemadept had no contacts with the forum and had not consented to jurisdiction here. Apr. 9 Order at 8-9. Expeditors and Hanjin subsequently moved for leave to file motions to reconsider, raising a new argument concerning the forum-selection clauses in the Hanjin Bill of Lading and the Agreement of Carriage. ECF Nos. 42, 43. The Court granted the parties' motions for leave to file. ECF No. 44.

Expeditors and Hanjin also filed motions to dismiss. Expeditors moved to dismiss VC's complaint on the grounds of forum

---

[2] Under Rule 14(c), a Rule 9(h) defendant, such as Expeditors, may implead a third-party defendant, such as Hanjin, and demand judgment in the plaintiff's favor against that third-party defendant. In that case "the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff." Fed. R. Civ. P. 14(c)(2).

5

non conveniens.  Hanjin moved to dismiss both Expeditors' third-party Complaint and VC's Complaint pursuant to the forum-selection clause in the Hanjin Bill of Lading, or, alternatively based on forum non conveniens.[3]  Expeditors and Hanjin argue that Vietnam or Cambodia would be adequate alternative fora.  Exp. MTD at 2; Hanjin MTD at 2.

### III. DISCUSSION

Having reviewed the parties' arguments, the Court is persuaded that retaining venue in the Northern District of California (the "Northern District") would not serve the interests of justice.  As explained below, Expeditors, Hanjin, and Gemadept may not bring suit against each other in the Northern District in connection with the events giving rise to this case.  VC's litigation options are not so limited.  This leaves Expeditors, Hanjin, and Gemadept in a precarious position.  They can be sued by VC in the Northern District, but they cannot bring counter- or cross-claims for indemnity here.  The Central District of California (the "Central District") presents no such restrictions.  Accordingly, the Court transfers this case there.

The limited litigation options of Expeditors, Hanjin, and Gemadept stem from the Hanjin Bill of Lading.  The Hanjin Bill of Lading clearly binds Expeditors and Hanjin, the parties to the agreement.  It may also constrain Gemadept, who agreed to be bound by Hanjin bills of lading moving under the Agreement of Carriage, to the extent that those bills are not inconsistent with the

---

[3] In maritime cases such as this, "the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim."  Fed. R. Civ. P. 14(c)(2).

6

1 Agreement of Carriage.[4] The forum-selection clause of the Hanjin
2 Bill of Lading requires that all disputes arising under the
3 agreement be litigated in the courts of Phnom Penh, Cambodia;
4 Seoul, Korea; New York, New York; or Long Beach, California. None
5 of these fall within the jurisdictional boundaries of the Northern
6 District. Thus, the Northern District is an improper venue for
7 Expeditors, Hanjin, and Gemadept to bring claims against each other
8 for claims arising from VC's lost cargo, which was being
9 transported under the Hanjin Bill of Lading.

10 VC is not so bound. Under the Supreme Court's decision in
11 Norfolk Southern Railway Co. v. Kirby, "intermediaries, entrusted
12 with goods, are 'agents' only in their ability to contract for
13 liability limitations with carriers downstream." 543 U.S. 14, 34
14 (2004) (emphasis added). Following Kirby, a number of courts have
15 held that shippers and consignees, such as VC, are not bound by
16 forum-selection clauses in down-stream bills of lading to which
17 they have not consented. See, e.g., Fed. Ins. Co. v. M/V CMA CGM
18 MARLIN, 09 CIV. 1409 (GBD), 2010 WL 727217 (S.D.N.Y. Feb. 23,
19 2010). This authority is persuasive and the Court would be
20 inclined to follow it.

21 Thus, if the case were to remain in the Northern District, VC
22 could sue Hanjin, Expeditors, and (potentially) Gemadept for the
23 loss of its cargo, but these defendants could not sue each other

---

[4] In its April 9 Order, the Court held that the forum-selection clause in the Hanjin Bill of Lading was inconsistent with the Agreement of Carriage. The Court therefore declined to exercise personal jurisdiction over Gemadept. The Court subsequently granted Expeditors and Hanjin's motions for leave to file motions for reconsideration. As the Court has decided to transfer this case, it declines to rule on the motions for reconsideration and does not reach the issue of whether it may exercise personal jurisdiction over Gemadept.

7

for indemnity.  This could lead to inequitable results.  For example, VC could choose to press its case against only Expeditors, and Expeditors would be unable to seek indemnity from Hanjin or Gemadept in this venue.

A better option would be to transfer the case to the Central District.[5]  Long Beach, one of the jurisdictions enumerated in the Hanjin Bill of Lading's mandatory forum-selection clause, falls within the jurisdictional boundaries of the Central District.  Thus, all parties would be on equal footing there.  Further, Expeditors has already consented to jurisdiction in the Central District.  See Exp. MTD Response at 2.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Section 1404(a) provides district courts with the authority to transfer cases sua sponte.  See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993).

As detailed above, transferring this case to the Central District would be in the interest of justice.  Further, because Expeditors does business in the Central District, this case might have been brought there in the first instance.  Venue is proper in "a judicial district in which any defendant resides" or "a judicial district in which a substantial part of the events or omissions

---

[5] Expeditors and Hanjin have moved to dismiss on the ground of forum non conveniens, arguing that venue in the United States is improper and that Vietnam or Cambodia would be adequate alternative fora.  The Court does not find Expeditors and Hanjin's forum non conveniens arguments altogether convincing but leaves the matter for the Central District to decide.

8

giving rise to the claim occurred." 28 U.S.C. §§ 1391(b)(1)-(2). With respect to determining the residence of a corporation such as Expeditors:

> For purposes of venue . . ., in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Id. § 1391(d). In this case, Expeditors may be considered a resident of the Central District since it has offices in Los Angeles and, thus, has the requisite minimum contacts with the area.[6] See Ronneberg Decl. Ex. B.

**IV. CONCLUSION**

For the reasons set forth herein, the Court TRANSFERS this matter to the United States District Court for the Central District of California. Expeditors and Hanjins' motions to dismiss and motions to reconsider are DENIED as moot.

IT IS SO ORDERED.

Dated: June 21, 2012

UNITED STATES DISTRICT JUDGE

---

[6] The Court notes that the parties remaining in the case have had an opportunity to express their views on this issue. Hanjin has moved to dismiss pursuant to the forum-selection clause calling for jurisdiction in Long Beach. VC has opposed the motion and Expeditors has indicated that it would consent to transfer to the Central District. Gemadept has yet to express its views on the issue, but, at present, it is not a party to the case.